**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James E. Seadler, derivatively on behalf of the Quicklogic Corporation,<br><br>Cordell Bailey, derivatively on behalf of Quicklogic Corporation,<br><br>              Plaintiffs,<br>  v.<br>E. Thomas Hart, et al.,<br>              Defendants.<br>  and,<br>Quicklogic Corporation,<br>              Nominal Defendant. | NO. C 06-06834 JW<br><br>**ORDER GRANTING STIPULATION TO CONSOLIDATE CASES AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |

Presently before the Court is a Stipulation and Proposed Order Consolidating Cases and Appointing Lead Plaintiff and Lead Counsel. (See Docket Item No. 9.) The related shareholders' derivative actions were filed on behalf of nominal defendant Quicklogic Corporation ("Quicklogic"); the are: <u>Seadler v. Hart, et al.</u>, C 06-06834 JW (filed November 2, 2006), and <u>Bailey v. Hart, et al.</u>, C 06-07354 JW (filed November 29, 2006).

On March 12, 2007, the Court conduced a case management conference. Upon review, the Court adopts the parties' Stipulation and further ORDERS as follow:  (1) the Related Derivative

Cases consolidated; (2) Plaintiff James Seadler appointed Lead Plaintiff; (3) Lerach Coughlin and Schuman & Berens appointed Co-Lead Counsel.

The Clerk shall consolidate these actions such that the earlier filed action, C 06-06834 JW, is the lead case. All future filings shall be filed in C 06-06834 JW and bear the caption: *"In Re Quicklogic Corporation Derivative Litigation."*

A hearing on Defendants' anticipated motion to dismiss is set for **September 10, 2007 at 9 AM.** If Defendants do not file a motion to dismiss, the Court will conduct a further case management conference on that date at the **10:00 a.m.**

Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all discovery STAYED pending Defendants' anticipated motion to dismiss. See <u>In re Altera Corp. Derivative Litigation</u>, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

To the extent that it is applicable, the Consolidated Complaint shall comply with the following Structure Regarding Complaint Governed by Private Securities Litigation Reform Act.

**I. ALLEGED UNTRUE STATEMENTS OF A PAST OR THEN-CURRENT MATERIAL FACT**

    **1. First alleged untrue statement of a material fact.** *[Include a quotation of the precise statement which the Plaintiff alleges was made. If multiple parts of a statement are involved, treat each part as a separate statement.]*

        a. **Date of the statement:**

        b. **Recipient:** *[Describe the person or entity to whom the statement was made and how the recipient recorded or captured the statement.]*

        c. **Identity of author:** *[State the basis for attributing statement to the alleged author. If the identity of the author is unknown, so state, and state all identifying information known to the Plaintiff as of the time of the pleading.]*

      d.    **True Facts:** *[Set forth in detail the alleged true status of all allegedly untrue matters contained in the statement and state how the Plaintiff knows (or why the Plaintiff believes) that its allegation of the true status was, in fact, the true status.]*

      e.    **Scienter:** *[Set forth the Plaintiff's allegations of what the author knew or believed at the time the author made the untrue statement.]*

      f.    **Factual basis for scienter:** *[Set forth the facts on which the Plaintiff bases its allegation that the author knew or believed the true facts at the time the author made the untrue statement.]*

      g.    **Effect, if any, on the stock price or on the market:** *[If the Plaintiff alleges that there was no individualized effect, it is permissible to allege effect on Stock Price in Section H.]*

      h.    **Loss causation:**

           1.    **Date of loss:**

           2.    **Nature of loss:** *[e.g. Whether Plaintiff purchased stocks at the inflated price or sold stocks at a price negatively impacted by the alleged material misstatements or omissions and connection of loss to conduct described above in Sections a-f .]*

           3.    **Extent of loss:**

**2.**    **Second alleged untrue statement of a material fact.**

      a.    **Date of the statement:**

      b.    **Recipient:**

      c.    **Identity of author:**

      d.    **True Facts:**

1         e.      **Scienter:**

2         f.      **Factual basis for scienter**.

3

4         g.      **Effect, if any, on the stock price or on the market:**

5         h.      **Loss causation:**

              1.    **Date of loss:**

6               2.    **Nature of loss:**

7               3.    **Extent of loss:**

8 **II.**    <u>**ALLEGED UNTRUE FORWARD-LOOKING STATEMENTS UNACCOMPANIED BY MEANINGFUL CAUTIONARY LANGUAGE**</u>

10     **1.**    **First alleged untrue forward-looking statement of a material fact.**

11         a.      **Date of the statement**:

12         b.      **Recipient:**

13         c.      **Identity of author:**

14         d.      **True Facts:**

15         e.      **Scienter:**

16         f.      **Factual basis for scienter:**

17         g.      **Effect, if any, on the stock price or on the market:**

18         h.      **Loss causation:**

19               1.    **Date of loss:**

20               2.    **Nature of loss:**

21               3.    **Extent of loss:**

22     **2.**    **Second alleged untrue forward-looking statement of a material fact.**

23         a.      **Date of the statement**:

24         b.      **Recipient:**

25         c.      **Identity of author:**

26         d.      **True Facts:**

27         e.      **Scienter:**

**United States District Court**
For the Northern District of California

   f. **Factual basis for scienter:**

   g. **Effect, if any, on the stock price or on the market:**

   h. **Loss causation:**

     1. **Date of loss:**

     2. **Nature of loss:**

     3. **Extent of loss:**

**III.** **ALLEGED OMISSIONS TO STATE A PAST OR THEN-CURRENT MATERIAL FACT WHICH SHOULD HAVE BEEN MADE IN ORDER TO MAKE A STATEMENT MADE NOT MISLEADING**

 **1.** **First alleged misleading statement or omission of a material fact.** *[Include a quotation of the precise statement which the Plaintiff alleges was made. If multiple parts of a statement are involved, treat each part as a separate statement.]*

   a. **Date of the statement or omission:**

   b. **Recipient:** *[Describe the person or entity to whom the statement or omission was made and how the recipient recorded or captured the statement.]*

   c. **Identity of person responsible for making the misleading or omitted statement alleged:** *[State the basis for attributing statement to the alleged author. If the identity of the author is unknown, so state, and state all identifying information known to the Plaintiff as of the time of the pleading.]*

   d. **Omitted Facts:** *[Set forth in detail the alleged complete status of all matters which were omitted from the misleading statement and how those matters would have prevented the statement from being misleading and state how the Plaintiff knows (or why the Plaintiff believes) that its allegation of the complete status was, in fact, the true status.]*

   e. **Scienter:** *[Set forth the Plaintiff's allegations of what the author knew or believed at the time the author omitted the misleading statement.]*

   f. **Factual basis for scienter:** *[Set forth the facts on which the Plaintiff bases its allegation that the author knew or believed the omitted facts at the time the author made the misleading statement.]*

   g. **Effect, if any, on the stock price or on the market:**

   h. **Loss causation:**

     1. **Date of loss:**

5

      2.    **Nature of loss:**

      3.    **Extent of loss:**

**2.** **Second alleged misleading statement or omission of a material fact**.

    a.    **Date of the statement:**

    b.    **Recipient:**

    c.    **Identity of person responsible for making the misleading or omitted statement alleged:**

    d.    **Omitted Facts:**

    e.    **Scienter:**

    f.    **Factual basis for scienter:**

    g.    **Effect, if any, on the stock price or on the market:**

    h.    **Loss causation:**

      1.    **Date of loss:**

      2.    **Nature of loss:**

      3.    **Extent of loss:**

Dated: March 14, 2007

                                     JAMES WARE  
                                     United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ignacio E. Salceda isalceda@wsgr.com
Kip B. Shuman Kip@shumanberens.com
Shawn A. Williams shawnw@lerachlaw.com
Travis E. Downs travisd@lerachlaw.com
William S. Lerach e_file_sf@lerachlaw.com
Brian J. Robbins robbins@ruflaw.com
Marc M. Umeda umeda@ruflaw.com

**Dated: March 14, 2007**             **Richard W. Wieking, Clerk**

                                                       **By:  /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California